NOT DESIGNATED FOR PUBLICATION

No. 121,411

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DARNELL LEE HUEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; DAVID DEBENHAM, judge. Opinion filed October 9, 2020. Affirmed.

*Jennifer C. Bates*, of Kansas Appellate Defender Office, for appellant.

*Steven J. Obermeier*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., HILL and ATCHESON, JJ.

PER CURIAM: Darnell Lee Huey appeals his conviction for failing to report as required by the Kansas Offender Registration Act. He claims that insufficient evidence supports his conviction because the State did not prove that he resided, worked, or attended school in Shawnee County during the month the State alleged he failed to report. Given our standard of review, the record compels us to hold that that a rational fact-finder could have found the defendant guilty beyond a reasonable doubt. Thus, we affirm his conviction.

1

In February 2018, the State charged Huey in Shawnee County District Court with one count of violating the Act. The Act requires certain offenders to register with local law enforcement agencies and it also imposes various reporting duties upon those offenders. See K.S.A 2019 Supp. 22-4905. The State alleged that Huey had to register because he had been convicted of robbery with a deadly weapon in a case in Shawnee County. The law in effect when Huey committed that robbery—K.S.A. 2010 Supp. 22-4902(a)(7)—required anyone convicted of a felony to register if the court found that a deadly weapon had been used.

After serving his prison sentence for the robbery and another crime, Huey was released from prison in early June 2017. After his release, he registered with the Shawnee County Sherriff's Office. According to K.S.A. 2019 Supp. 22-4905(b), after that initial registration, Huey had to report to the law enforcement agency during his birthday month and then every third, sixth, and ninth month after that.

Since Huey was born in February, he had to report in February, May, August, and November. Huey reported in September 2017 instead of August. After that, the State filed this case because Huey had failed to report in November 2017.

The case was submitted to a jury. The only witness the State called was Ashley Previty, a sheriff's employee in charge of registering drug, violent, and sex offenders in Shawnee County. She was the custodian of the offender registration records.

Previty testified that Huey's registration was required because of his robbery conviction. The State then admitted Huey's two offender registration forms from when he reported in June and September 2017. Both forms were signed by Huey and witnessed by Previty. She recognized Huey and identified him for the jury. On each form, Huey listed his address as SW Lincoln Street in Topeka. Previty stated that Huey did not file a registration form for November 2017.

On redirect examination, Previty told the jury that if an offender who had been registering in Shawnee County moved to another county, that offender must "check out" with her office and register in the new county within 30 days of checking out of Shawnee County. Huey never checked out of Shawnee County. Previty also testified that she did not always know when an offender registered someplace else.

Finally, the State introduced the journal entry from Huey's robbery conviction which showed that the court checked the box for a deadly weapon finding. Huey did not introduce any evidence.

The jury found Huey guilty. The court sentenced him to 37 months in prison.

Huey raises one issue on appeal—whether sufficient evidence supports his conviction for failing to report in November 2017. Stated simply, Huey argues that the State presented no evidence of where he lived, where he worked, or where he went to school. Thus, in his view, the State has not proved that he needed to register in November 2017.

Huey does not dispute that he had to register under the Act, nor does he dispute that he did not report to the Shawnee County Sherriff's Office in November 2017.

Sufficient evidence supports a conviction on appeal when, with the evidence viewed in a light most favorable to the prosecution, the appellate court is convinced that a rational fact-finder could have found the defendant guilty beyond a reasonable doubt. *State v. Williams*, 299 Kan. 509, Syl. ¶ 1, 324 P.3d 1078 (2014), *overruled on other grounds by State v. Dunn*, 304 Kan. 733, 375 P.3d 332 (2016).

Our review of the record begins with recognizing what the law demanded of Huey. After that, we examine the evidence presented to the jury.

The Act in K.S.A. 2019 Supp. 22-4905(a) is specific about where and when an offender must register. An offender required to register must report at the law enforcement agency in the county where they reside, work, or attend school, or where they *intend* to reside, work, or attend school. And that offender must do so in person within three business days of coming into a county. The Act in K.S.A. 2019 Supp. 22-4905(b) also requires a registered offender to report *in person* during the month of the offender's birth and every third, sixth, and ninth month afterward.

Considering those legal requirements, the State had to prove beyond a reasonable doubt that Huey:

- was required by law to register as an offender;
- had to register in Shawnee County, Kansas; and
- failed to register in November 2017.

Given our standard of review, we hold the State has met its burden.

The two registration forms admitted into evidence at trial show that Huey resided in Shawnee County. Huey listed the same Topeka address on his February 2017 and June 2017 registration forms. Huey signed each of those forms and acknowledged on each that he had to report any change or termination of residence within three days to the agency he had last registered with. Here, that would be the Shawnee County Sherriff's Office. Paragraph 5 on each form advises that since Huey was born in February, he had to report in February, May, August, and November.

Previty testified that Huey had never reported a change in residence. Huey had been residing in Shawnee County and did not report moving. She testified he did not report in November 2017.

4

Huey had not reported a change of address, an intent to move, nor a change of jurisdictions within three days as required by the law. Huey had acknowledged those requirements on each form. Thus, a rational juror could infer from these circumstances that he still resided in Shawnee County. That is especially true when the evidence is viewed in the State's favor, as our standard of review requires. A conviction can be based entirely on circumstantial evidence. See *State v. Brooks*, 298 Kan. 672, 689, 317 P.3d 54 (2014).

Affirmed.

* * *

ATCHESON, J., dissenting:  This case tests the limits of circumstantial evidence in supporting a criminal conviction when that evidence topples from reasonable inference to unreasonable speculation. The State may not rely on speculation to convict defendants and, thereby, deprive them of their liberty. But the State did no more than that in prosecuting Defendant Darnell Lee Huey in this case. I, therefore, respectfully dissent and would reverse Huey's conviction for failing to report under the Kansas Offender Registration Act (KORA), K.S.A. 22-4901 et seq., for insufficient evidence and, in turn, vacate his sentence and enter a judgment of acquittal.

Circumstantial evidence trades on the idea that proved facts often permit the reasoned inference of other facts relevant to whatever the disputed issue may be in a given case. The idea is, of course, perfectly sound stated as an abstract proposition. See *State v. Thach*, 305 Kan. 72, 84, 378 P.3d 522 (2016) (even gravest crimes may be proved with only circumstantial evidence). But all circumstantial evidence is not created equal. Rather, it is highly variable depending (naturally) on the particular circumstances and just what proposition is supposed to be inferred from those circumstances. So

5

circumstantial evidence exists on a continuum from remarkably reliable to quite unreliable.

Illustrative of the reliable end of the continuum is the law school chestnut: A farmer looks out the back window early one morning to a blanket of fresh snow and sees rabbit tracks into the left side of the hollow log in the yard and unbroken snow on the right side. From those circumstances, the farmer may reasonably conclude the rabbit is in the log, even though he or she hasn't seen the rabbit. See *State v. Peterson*, No. 111,693, 2015 WL 4716295, at *3 (Kan. App. 2015) (unpublished opinion); *State v. Poole*, 116 Ohio App. 3d 513, 525, 688 N.E.2d 591 (1996) (rabbit tracks in fresh snow properly used in jury instruction as example of circumstantial evidence); Kelso, *Final Report of the Blue Ribbon Commission on Jury System Improvement*, 47 Hastings L.J. 1433, 1513 (July-August 1996) (noting prevalence of jury instructions referring to rabbit tracks in fresh snow as illustration of circumstantial evidence). Well toward the other end of the continuum lies a more real-world example. If a person had been convicted of simple possession of marijuana in college 15 years ago, would it be reasonable to infer from that circumstance that he or she presently uses marijuana or may be in possession of marijuana? The inference might be drawn, but the law typically would not impute much, if any, evidentiary value to it. See *State v. Hicks*, 282 Kan. 599, 616, 147 P.3d 1076 (2006); *State v. Savage*, No. 112,882, 2015 WL 8590269, at *3 (Kan. App. 2015) (unpublished opinion).

There is a line somewhere along that continuum that divides reasonable evidentiary inferences from impermissible speculation. But the line defies a workable definition, and placing a particular set of proved facts and inferred facts on one side or the other entails a case-specific exercise that becomes quite difficult close to the line. See *State v. Brown*, 46 Kan. App. 2d 210, 216-17, 262 P.3d 1055 (2011) (Atcheson, J., dissenting) ("Almost anytime the law draws a line, it may become difficult to distinguish between two sets of circumstances falling close to—but on opposite sides of—that line.

They probably look a lot alike."). But this is not a case that teeters on the boundary between reasonable circumstantial evidence sufficient to support a conviction and impermissible speculation that does not. It falls well over the line on the too speculative side. And that's true taking the evidence in the best light for the State, as we are obligated to do on appellate review. See *State v. Jenkins*, 308 Kan. 545, Syl. ¶ 1, 422 P.3d 72 (2018).

Here, there is no dispute Huey had to register and report under KORA as a violent offender after his release from prison in 2017. Offenders must register four times a year at the sheriff's office in the counties where they live, work, and attend school. K.S.A. 2019 Supp. 22-4905(b)(2). Huey duly reported to the Shawnee County Sheriff's Office for June 2017 and again on September 8, 2017. Each time, he listed the same residential address in Topeka on the reporting form and indicated he was unemployed. Huey was obligated to report in November 2017. He did not do so with the Shawnee County Sheriff's Office.

In 2018, the State charged Huey with failing to report in November 2017, and the case was delayed for procedural reasons that are immaterial to the appeal. A jury heard the case and convicted Huey last year. The State called Ashley Previty, who manages the offender registration program for the Shawnee County Sheriff's Office, as its only witness. Previty testified that Huey appeared at her office and filled out the reporting forms for June and again in early September. They both signed the forms, and the State introduced them as exhibits during the trial. Previty told the jurors that Huey did not show up to register during November. Huey neither testified in his own defense nor offered any other evidence.

To prove its case, the State had to present evidence that would permit jurors to fairly conclude beyond a reasonable doubt that Huey lived in Shawnee County on November 30, 2017—the last day he could report in conformity with KORA—*and* that

7

he failed to so report. If Huey no longer lived in Shawnee County, he had no obligation to report there and (obviously) could not be convicted for failing to do so.

The evidence, at best, showed that Huey lived in Topeka as of September 8. But that circumstantial evidence was insufficient to support a reasonable inference rather than mere speculation that he still lived in Shawnee County nearly three months later. The remainder of the evidence established no other circumstance anchoring Huey in Shawnee County. He was unemployed, so he had no job to keep him there. The State offered no evidence about the type of residence Huey had in Topeka. It may have been a furnished room that rented by the week or the month. Or he might have been living with relatives in a home they owned. But a conclusion or inference about those particular circumstances would have been pure speculation. The State didn't have an investigator go to the address in November 2017 to see if Huey still lived there or otherwise contact the owner to get a fix on Huey's whereabouts then. I presume Huey had a parole officer, since he had only recently been released from prison. But he or she didn't testify.

The circumstantial evidence the State offered to establish Huey lived in Shawnee County in late November 2017 traded on speculation with too little tangible connection between the proved facts (where Huey lived in June and early September) and the legally relevant fact to be inferred (where he lived at the end of November). The lapse of time without something more to tie Huey to Shawnee County as his continuing place of residence cannot support the charged violation of KORA. Huey's conviction and the resulting 37-month sentence should be set aside for insufficient evidence.

The majority averts that outcome with what it treats as a "Eureka!" revelation at the end of the opinion. The forms Huey filled out when he did report recited various obligations he had under KORA, including informing the Shawnee County Sheriff's Office within three days if he moved. See K.S.A. 2019 Supp. 22-4905(h). And Previty testified she received no such notification from Huey. The majority says that's additional

and persuasive circumstantial evidence Huey continued to live in Shawnee County. Except that it isn't. Huey's failure to report a change of residence and his failure to report to the Shawnee County Sheriff's Office in November 2017 is equally consistent with his having moved from the county sometime after September 8 and then ignoring his obligation to report the move. But in those circumstances, he would have had no duty to report in Shawnee County in November as the place where he resided.

The majority has no reasoned basis to assume Huey violated his duty to report in his county of residence rather than his duty to report a change in residence (out of Shawnee County). To pick one over the other on this record is simply arbitrary in the same way flipping a coin would be. An arbitrary conclusion isn't to be found anywhere on the continuum of circumstantial evidence. And it is inherently infirm. To be sure, had Huey failed to promptly report a change in residence he would have violated KORA and could have been prosecuted for *that* violation. But he wasn't—or at least he wasn't in this case.

In short, Huey's failure to report a change in address doesn't tighten up or otherwise buttress the impermissibly speculative inferences the State's case depends upon. The conviction should be reversed, the sentence vacated, and a judgment of acquittal should be entered.[*]

[*]In many insufficient evidence cases, the jurors have gotten it wrong with their guilty verdicts. But that's not invariably so, especially if they have been materially misguided by the jury instructions. This is such a case. The jury instruction stating the elements of the charged KORA violation omitted the critical one—that Huey lived in Shawnee County in November 2017. Based on the jury instruction, the jurors simply had to find that Huey failed to report in Shawnee County in November 2017 to return a guilty verdict. That evidence was undisputed, but it was legally inadequate to convict Huey, something the jurors would not have known. The instructional error is, however, beside the point in our weighing of the legal sufficiency of the evidence to support a conviction.